IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Zhejiang Sairen Trading Co., Ltd,<br><br>    Plaintiff,<br><br> v.<br><br>INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS ON SCHEDULE "A,"<br><br>    Defendants. | Case No. |

**COMPLAINT**

  Plaintiff, Zhejiang Sairen Trading Co., Ltd ("Plaintiff" or "Sairen"), by and through its counsel, hereby brings the present action against the partnerships and/or unincorporated associations identified on Schedule A, attached hereto (named, "Defendants"), and alleges as follows:

**JURISDICTION AND VENUE**

  1.  This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

  2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants have committed the acts as described herein within this judicial district.

  3.  Upon information and belief, the Defendants are subject to this Court's specific and general jurisdiction due to at least their substantial business in the forum, this business includes: (i) at least a portion of the acts complained; (ii) regularly conducting or soliciting

business, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this Judicial District; and (iii) directly targeting consumers in the United States, including Illinois, by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products using infringing versions of Plaintiff's design patent products. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products using infringing versions of Plaintiff's design patent to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

## PARTIES

4. Plaintiff is a Chinese company, with a principal place of business in China.

5. Defendants are individuals and businesses who conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified in Schedule A, attached hereto. Each Defendant targets the United States, including Illinois, and has offered to sell and/or has sold and/or continues to sell infringing products to consumers within the United States, including Illinois and in this Judicial District.

6. While Defendants' identities and locations are now unknown to Plaintiff, upon information and belief, Defendants are primarily individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their

network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## BACKGROUND

7. On November 23, 2021, registration number US XXX,XXX S (hereinafter "the D'XXX Patent"), entitled "PRODUCT REDACTED," was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the D'XXX patent is attached as Exhibit 1. The D'XXX patent is valid, enforceable and currently in full force and effect.

8. Plaintiff is the owner and assignee of all substantial rights, title and interest in the D'XXX Patent, including the right to bring this action and enforce the D'XXX Patent against infringers, and to collect damages for all relevant times.

9. Plaintiff designs, manufactures and sells products which incorporate Plaintiff's patented designs (collectively, the "Plaintiff's Products").

10. Plaintiff's Products are known for their distinctive patented designs. These designs are broadly recognized by consumers.

11. Plaintiff uses these designs in connection with its Plaintiff's Products, as shown for example in the side-by-side comparison below:

| **D'XXX Patent** | **Infringing Product** |
|---|---|
|  |  |



12. Plaintiff operates through Amazon platform (collectively "Plaintiff's selling sites") where it promotes and sells genuine Plaintiff's Products. Sales of Plaintiff's Products via Plaintiff's selling sites represent a significant portion of Plaintiff's business. Plaintiff's selling sites features proprietary content, images and designs exclusive to Plaintiff.

13. Upon information and belief, the Defendants have created and continue to create numerous Amazon.com and eBay.com stores and design them to appear to be selling genuine PRODUCT REDACTED products, while selling infringing versions of Plaintiff's products. The Amazon.com and eBay.com stores identified in Schedule A appear to be related entities in some cases. Some stores share several distinct and unique features such as using nearly identical store designs and using identical product pages, including identical pictures and product descriptions. This establishes a logical relationship between them suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

14. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Amazon.com and eBay.com stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products, to consumers within the United States, including Illinois and in this Judicial District.

## **DEFENDANT'S UNLAWFUL CONDUCT**

15. The success of the Plaintiff's products has resulted in its being infringed upon by a wide range of different marketplace stores. Plaintiff has identified numerous marketplace stores on Amazon.com and eBay.com which are offering for sale, selling, and importing infringing and unauthorized products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating subsequent online Stores.

16. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their infringing operations, and to avoid being shut down.

17. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, infringing products for

sale in the Defendant Internet Stores bear similar infringing indicia to one another, suggesting that the infringing products were manufactured by and come from a common source and that Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the similar accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the similar incorrect grammar and misspellings, and the use of the similar text and images, including content copied from Plaintiff's product listings.

18. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other online infringing cases use a variety of methods to evade enforcement efforts including simply registering new online marketplace accounts once they receive notice of a lawsuit, and operating multiple credit card merchant accounts to evade collection efforts by Plaintiffs armed with enforceable judgments. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their online money accounts, to off-shore bank accounts outside the jurisdiction of this Court.

19. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to infringe Plaintiff's design patent in connection with the advertisement, distribution, offering for sale, and sale of infringing products into the United States and Illinois over the Internet. Each Defendant Amazon.com and eBay.com account shipped infringing products to the United States, including Illinois, and has in fact sold or offered for sale the products during the course of Plaintiff's preliminary investigations.

20. Defendants' infringement of Plaintiff's Design in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

21. Defendants' infringement of Plaintiff's Design in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I
## DESIGN PATENT INFIRNGEMENT (35 U.S.C. § 271)

22. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

23. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in Plaintiff's Design.

24. Defendants have infringed the Plaintiff's Design through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

25. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows: 1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all

persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Plaintiff's Design;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Plaintiff's Design; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com and eBay.com (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the design claimed in the Plaintiff's Design;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Plaintiff's Design, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Plaintiff's Design be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

5) In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the Plaintiff's Design, pursuant to 35 U.S.C. § 289;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Respectfully submitted,

/s/ James A. Karamanis
James A. Karamanis
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Ste 3050
Chicago, IL 60601
Tel.: 312/553-5300
Attorney No. 6203479
James@bkchicagolaw.com

*ATTORNEY FOR PLAINTIFF*